**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WAYNE BLANCHARD,

                                  Petitioner,

          - v -                                            Civ. No. 9:04-CV-1492
                                                                           (DNH/RFT)

CALVIN WEST,

                                  Respondent.

**APPEARANCES:**                                        **OF COUNSEL:**

WAYNE BLANCHARD
Petitioner, *Pro Se*
82-D-0190
Elmira Correctional Facility
P.O. Box 500
Elmira, N.Y. 14902-0500

HON. ANDREW M. CUOMO                       GERALD J. ROCK, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, N.Y. 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      Presently before the Court is Wayne Blanchard's Petition for a Writ of *Habeas Corpus* brought pursuant to 28 U.S.C. § 2254.[1] Dkt. No. 1, Pet. By his Petition, Blanchard asserts that his due process and equal protection rights were violated when, after being released on parole, he was subsequently retaken and reincarcerated. Pet. at ¶ 2. Specifically, Blanchard claims that the warrant

---

[1] This Petition was transferred from the Western District of New York on December 27, 2004, *see* Dkt. Nos. 5-6, and referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c). The Petition was originally brought pursuant to 28 U.S.C. § 2241 but was later converted, with Petitioner's assent, to one pursuant to 28 U.S.C. § 2254. *See* Dkt. Nos. 1, & 3-5.

issued for his retaking was defective because the official who issued the warrant also created and issued the report upon which it was based. *Id.* For the reasons that follow, it is recommended that the Petition be **denied.**

## I. BACKGROUND

On June 15, 1982, Blanchard was convicted on three counts of robbery in the first degree and sentenced to concurrent terms of twelve and a half (12 ½) to twenty-five (25) years on each count. *People v. Blanchard*, 481 N.Y.S.2d 774 (N.Y. App. Div., 3rd Dep't 1984). On December 11, 2003, Petitioner was released on parole only to be declared delinquent on the very next day after he absconded from parole supervision. Supp. Parole Violation Rep., dated Feb. 17, 2004, at R3;[2] Parole Revocation Decision Notice, dated Jan. 4, 2004, at R6; Violation of Release Rep., dated Jan. 12, 2004, at R11. Pursuant to a warrant issued on December 24, 2003, Petitioner was arrested on February 12, 2004, in Albany, New York. Warrant, dated Dec. 24, 2003, at R1; Supp. Parole Violation Rep., dated Feb. 17, 2004, at R3; Violation of Release Rep., dated Jan. 12, 2004, at R13. Petitioner waived his right to a preliminary parole revocation hearing. A final parole revocation hearing was heard on April 12, April 26, and May 17, 2004, at the conclusion of which Petitioner's parole was revoked and he was sentenced to thirty-six (36) months incarceration. Notice of Violation, dated Feb. 17, 2004, at R2; Parole Revocation Decision Notice, dated Jan. 4, 2004, at R5-9; Final Parole Revocation Hr'g Tr., dated Apr. 12, Apr. 26, & May 17, 2004, at R21-102. Petitioner filed a notice of appeal, but failed to submit a petition to the Appeals Unit of the Division of Parole and therefore did not perfect the appeal. Pet. at ¶ 1.

---

[2] In accordance with this District's Local Rules, the State Court Record, encompassing various documents, has been paginated and sequentially numbered. *See* N.D.N.Y.L.R. 72.4(d). For ease of reference, we will refer to these assigned page numbers as "R1-R109."

During the pendency of his final revocation hearing, Blanchard filed a petition for a writ of *habeas corpus* before the New York State Supreme Court of Albany County on April 27, 2004, which was subsequently denied. Judgment, dated May 25, 2004, at R108-09. On September 7, 2004, Petitioner filed another writ of *habeas corpus* in the Chemung County Supreme Court, which was also denied.[3] Pet., Ex. H, Decision and Order, dated Oct. 22, 2004. Petitioner has made no indication that he appealed either of his state court *habeas* applications, nor does the record reflect that he did. *See generally* Pet. & State Ct. R.

On November 19, 2004, Petitioner filed the instant Petition for a Writ of *Habeas Corpus*. For the reasons that follow, it is recommended that Blanchard's Petition be **denied**.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hawkins v. Costello*, 460 F.3d 238 (2d Cir. 2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

---

[3] It seems that Petitioner originally filed his second application for a writ of *habeas corpus* in the New York State Supreme Court of Dutchess County, however that application was "dismissed without prejudice to filing in the Chemung County Supreme Court" after it was learned that Blanchard had been transferred from the Downstate Correctional Facility to the Elmira Correctional Facility. Pet., Ex. F, Order of Dismissal Upon Transfer, dated Sept. 17, 2004. The only record of the Dutchess County *habeas* application is attached to the Petition; it was not included in the State Court Records submitted by Respondent.

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234679, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B. Exhaustion

A state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for writ of *habeas corpus*. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement with respect to a claim, a defendant must "present the substance of the same federal constitutional claim[s]" to the state courts "that he now urges upon the federal courts[.]" *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (internal quotation marks omitted) (citing *Turner v. Artuz*, 262 F.3d 118, 123-24 (2d Cir. 2001)). As the Supreme Court noted in *O'Sullivan*, "[c]omity . . . dictates that when a prisoner alleges that his continued confinement for

a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. at 844 (citations omitted).

"A federal constitutional claim has not been fairly presented to the State courts unless the petitioner has informed those courts of all the 'essential factual allegations' and 'essentially the same legal doctrine he asserts in his federal petition.'" *Strogov v. Attorney Gen. of State of New York*, 191 F.3d 188, 191(2d Cir. 1999) (citing *Daye v. Attorney Gen. of the State of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (further citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)).

In order to properly exhaust a challenge to a parole revocation, a *habeas* petitioner must "first file an administrative appeal with the Division of Parole's Appeals Unit. If that appeal is denied, he must seek relief in state court pursuant to Article 78." *Medina v. Berbary*, 2008 WL 312762, at *2 (N.D.N.Y. Feb. 1, 2008) (internal citations and quotation marks omitted).

In the case at bar, Petitioner filed a notice of appeal to the Division of Parole but failed to perfect that appeal by filing a petition with the Appeals Unit. *See* Pet. at ¶ 1; *see also* N.Y. COMP. CODES R. & REGS. tit. 9 § 8006.2(a) & (b) ("An appeal is perfected by the filing [of a written appeal] with the appeals unit . . . [that] shall explain the basis for the appeal."). Similarly, Petitioner failed to appeal both denials of his state court *habeas* petitions. Therefore, Petitioner's claims have not been properly exhausted in the state courts.

Since a request for an extension to appeal, or an appeal of a parole revocation decision must be filed within four months of the decision, N.Y. COMP. CODES R. & REGS. tit. 9 § 8006.2(a), Petitioner cannot now re-enter the administrative appellate process in order to exhaust his claims. When "it is clear that the unexhausted claim is procedurally barred by state law and its presentation

in the state forum would be futile[,]" *Aparicio v. Artuz*, 269 F.3d at 90, a district court may deem such claim exhausted but also procedurally defaulted, *Bossett v. Walker*, 41 F.3d 825, 828-29 (2d Cir. 1994). Therefore, Petitioner's claims are deemed exhausted but procedurally defaulted.

Where a prisoner has defaulted on his federal claims at the state level, a district court may reach the merits of such claim only upon a demonstration of "cause for the default and actual prejudice," or that a "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule. *Id.* at 753; *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999). Examples of external factors include "interference by [an]official," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Bossett v. Walker*, 41 F.3d at 829 (citing *Murray*); *United States v. Helmsley*, 985 F.2d 1202, 1206 (2d Cir. 1992).

In the case at bar, Petitioner states that he did not appeal the Parole Board's decision because "he was not made aware of the procedural errors and statutory violations until after the revocation process." Pet. at ¶ 1. However, Petitioner submitted a writ of *habeas corpus* in state court on the same grounds raised in this Petition within three months of the issuance of the decision revoking his parole. *See* Parole Revocation Decision Notice, dated June 4, 2004, at R5-9; Pet., Attach., Statement of the Case at ¶ 5 (stating he filed a petition for a writ of *habeas corpus* before the Supreme Court of Dutchess County on August 17, 2004) & Ex. H, Decision and Order, dated Oct. 22, 2004. Therefore, it appears that Petitioner was aware of the alleged defects in the warrant issued for his retaking and could have properly raised them in a timely appeal to the Appeals Unit of the Division

of Parole; he merely failed to do so. Petitioner offers no other cause for his failure to appeal the Parole Board's decision.

When, as here, a petitioner has failed to establish adequate cause for his procedural default, the court need not determine whether he suffered prejudice, since federal *habeas* relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Long v. Lord*, 2006 WL 1977435, at *6 (N.D.N.Y. Mar. 21, 2006).

Finally, Petitioner has proffered no argument that failure to consider these claims would result in a fundamental miscarriage of justice, which "occurs only in those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Rodriguez v. Mitchell*, 252 F.3d 191, 203 (2d Cir. 2001) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). There is nothing in the record before us that suggests Petitioner's innocence. In fact, Petitioner admitted to violating his parole during his final parole revocation hearing. Final Parole Revocation Hr'g Tr., dated May 17, 2004, at R88-89 & R96-97.

For all these reasons, it is recommended that the Petition be **dismissed**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A

certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   June 23, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge